### G. H. SCHOELKOPF V. R. G. PHILLIPS.

#### No. 207.

**1. Insolvent Debtor May Prefer Creditor.**

A deed of trust made by an insolvent debtor to secure preferred creditors, where the property conveyed does not exceed the value of the debts so preferred, is not rendered invalid by its including a loan made at the time. See example .................................................................. 34

**2. Deed of Trust to Secure Creditors—Attorneys' Fees.**

It is not fraud in itself to include in the debts preferred in a trust deed by an insolvent debtor, a provision for attorneys' fees for protecting the trust. Such fact, however, may be evidence tending to prove fraud............. 35

**3. Cases Adhered to.**

Oppenheimer v. Halff & Bro , 68 Texas, 409; Gallagher v. Goldfrank, 75 Texas, 562, and Baldwin v. Peet, 22 Texas, 708, adhered to ...........34, 35

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Ellis County.

The facts are given in the opinion. The litigation involved the validity of a deed of trust executed by an insolvent debtor to secure the beneficiaries.

The deed of trust was held fraudulent by the trial court, which decision was reversed by the Court of Civil Appeals.

The petition for writ of error attacked the decision of the Court of Appeals: (1) ''In holding that the act of permitting Hopson to withdraw from appellant's bank the $223 deposit, on the night the conveyance in controversy was made, and under the circumstances shown by the record, was a transaction which could result injuriously to no other creditor than the bank itself, and could not operate as a fraud on other creditors;'' (2) ''In holding that an insolvent creditor in making a conveyance of property to a preferred creditor and all of his property subject to execution, may stipulate for, include in, and secure by his conveyance a specific sum for attorneys' fees, to cover the defense of possible attacks on his conveyance, and make such a sum a preferred claim over prior indebtedness; and that of such a transaction other creditors could not complain should the property conveyed be insufficient to pay the debt of the preferred creditor.''

*M. B. Templeton* and *G. C. Groce*, for plaintiff in error.—1. The transaction is fraudulent. Its vice is, that it surrendered a sum which should have been applied to the debt of the bank, to a known insolvent, permitting him to place such sum beyond the reach of his creditors, and then asserting its whole debt against such insolvent—taking security on his property for the whole. Greenleve, Block & Co. v. Blum, 59 Texas, 124; Seligson & Co. v. Brown, 61 Texas, 182; Oppenheimer v. Halff & Bro., 68 Texas, 412; Elser v. Graber, 69 Texas, 222; Black v. Vaughn, 70 Texas, 47; Gallagher & Co. v. Goldfrank, 75 Texas, 562; Wallis v. Adoue & Lobit, 76 Texas, 118; Brasher v. Jameson, Groce & Co., 75 Texas, 139.

2. We are not aware of any case prior to this in which it has been held that an insolvent in making a preferential transfer of his property for the benefit of a creditor who has notice of his insolvency may stipulate for and secure by the deed a fixed sum to his attorneys, to be paid at all events, as fees for possible services which may be rendered in resisting possible attacks on the conveyance, and make such sum a preference claim over prior indebtedness. Such a transaction, when had with the knowledge and consent of the party to be preferred, is an illegitimate increase of the insolvent's indebtedness in favor of a new creditor; and when in addition to this the matter is put in the deed in a way that does not show the facts as they are, but apparently to make the deed secure indebtedness in excess of what is known to be owing, such a conveyance is fraudulent as to other creditors, as securing a fictitious indebtedness; and we fail to see how the real value of the property conveyed is material to this issue.

3. The rights of parties must be determined by legal results from ascertained facts, and not necessarily from the actual bona fides of individuals. Acts which in law are fraudulent can not be held innocent because not fraudulently intended.

*Powell & Harding,* for defendant in error.

GAINES, CHIEF JUSTICE.—One Frank Hopson, being indebted to the First National Bank of Waxahachie, executed to defendant in error, R. G. Phillips, a deed in trust, in the nature of a mortgage upon a stock of goods, to secure the bank and certain other creditors. The plaintiff in error, Schoelkopf, being also a creditor of Hopson, sued out a writ of garnishment, and caused it to be served upon the defendant in error. The garnishee having answered that he neither owed Hopson nor had any of his effects in his hands, a contest arose which brought in question the validity of the deed in trust.

At the time the instrument was executed, Hopson was indebted to the bank in the sum of $1600, which was evidenced by certain promissory notes, which stipulated for an additional payment of 10 per cent in the event the notes should be placed in the hands of an attorney for collection. But when the negotiation was entered upon which resulted in the execution of the mortgage, Hopson had the sum of $223 to his credit on the books of the bank as a depositor. Having declined to give the security unless he was permitted to withdraw this sum, it was paid out upon his check, and thereupon the mortgage was executed. Phillips, the trustee, was also at the time the cashier of the bank. The value of the goods as found by the trial court was $1400. The debts secured by the mortgage were, one for $116 rent due on the storehouse occupied by the mortgagor; taxes amounting to $54.40 (both of which were preferred); the amount due the bank, and $200 as attorneys' fees. The attorneys of the bank drew the instrument, and the court found that the sum secured to them included not only the fees for collecting the notes, but also fees for defending the mortgage in case it should be attacked.

The trial court having found the facts substantially as stated, concluded that the mortgage was fraudulent, and gave judgment accordingly. Whether it was the opinion of the trial judge that the mortgage was fraudulent per se, or merely fraudulent in fact, does not appear. The Court of Civil Appeals, on the contrary, held the instrument was not fraudulent, and reversed the judgment of the court below and rendered judgment for the garnishee.

It is contended on behalf of plaintiff in error that the mortgage was fraudulent, both by reason of the fact that the mortgagor was permitted to withdraw from the bank the amount which stood to his credit on the deposit account and thereby to increase his debt, and on account of the provision which made the compensation of attorneys for defending the mortgage a charge upon the mortgaged property. We have jurisdiction to determine only questions of law. Can we say, that upon the proof of either fact it was the duty of the court to declare the mortgage fraudulent as a matter of law?

At the time of the transaction, the notes held by the bank against the mortgagor were past due. It was therefore the right of the bank

to credit the amount with which it stood charged in his favor on the books upon his notes, and to refuse to honor his check for any amount. While, therefore, the effect of drawing out the $223 which appeared upon the books to the mortgagor's credit was to leave him indebted to the bank in the entire sum represented by the notes, it seems to us that the transaction was in legal effect the same as if the credit had been properly entered upon the notes, and the bank had lent him the sum and had taken the mortgage to secure both the pre-existing debt and the new one thereby created. It has been held by this court, that a creditor may lawfully pay his debtor a sum of money in consideration of a sale to him by the latter of a stock of goods in payment of his debt, provided the goods so sold do not exceed in value the amount of such debt. Oppenheimer v. Halff & Bro., 68 Texas, 409. But on the other hand it is well established, that if in such a case the value of the goods is greater than the amount of the original indebtedness, the transaction is fraudulent. Gallagher v. Goldfrank, 75 Texas, 562. In the case first cited, the creditor, in consideration of the sale, paid the money, without any promise express or implied for its repayment, and such payment could in no respect whatever have operated to the injury of other creditors. In the present case, however, as we have seen, the money was delivered not as a payment for which no return was to be made, but as a loan which was to be refunded. Thereby an indebtedness was created, and it is insisted in argument, that it was unjust to other creditors of the mortgagor that the mortgagee should receive security for its existing debt, and in the same transaction create, by a loan of money which was placed beyond their reach, a new debt, for the collection of which it would have the right to compete against them. We are of opinion, however, that while this is a circumstance proper to be considered in determining as a matter of fact the good faith of the transaction, it can not be held fraudulent per se. Any one has a right to lend money to an insolvent; but he can not, if he knew him to be insolvent, take a mortgage upon his property to secure the debt so created. The reason is, that the effect of the transaction, if upheld, is to place the property beyond the reach of other creditors. If the lender take no pledge of or lien upon property, other creditors can not complain. If the bank had simply taken security for its pre-existing debt, without any promise of a future loan, can it be doubted that it could have made such loan without affecting its security? If, therefore, in the present case the value of the mortgaged property was no more than sufficient to pay the two preferred debts and the amount which was justly due the bank before the $223 was paid to the mortgagor, we can not see that the other creditors of the mortgagor were placed in any worse position than they would have been had the money been lent after the mortgage was executed. The value of the goods mortgaged in this case was not sufficient to pay the rent and taxes, which were first to be paid, and the amount due on the notes after de-

ducting the $223, without reference to the stipulation as to attorneys' fees.

Whether the provision in the deed of trust for securing attorneys' fees for defending the mortgage of itself avoids the instrument is not an open question in this court.   It has been held, that it is a badge of fraud—that is to say, an evidence of fraud—but that it does not necessarily render an assignment fraudulent. Baldwin v. Peet, 22 Texas, 708.

The effect of the decision of the Court of Civil Appeals is to hold that the mortgage was fraudulent neither in law nor in fact.   As we have said, whether the trial court held that the instrument was void per se, or merely void because in point of fact it was executed with a fraudulent intent, we are unable to determine.   It is unimportant how that may be, for the statute makes the decision of the Court of Civil Appeals upon the facts final.   We must therefore follow their finding in holding that the mortgage was not fraudulent in fact, and we concur with them in holding that it was not fraudulent in law.

Accordingly the judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*

Delivered February 11, 1895.