**KOETHE et al. v. HUGGINS.　(No. 11627.)***

(Court of Civil Appeals of Texas. Fort Worth. Oct. 30, 1926. Rehearing Denied Nov. 27, 1926.)

1. Bills and notes ⬗129(1)—Note, payable "on demand" after commencing operations for oil well after date, became payable on day after operations were started.

Promissory note, payable "on demand after commencing operations for oil well on my land after date," became payable on day following date of beginning operations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, On Demand.]

2. Time ⬗10(4)—Statute of limitations ran from due date of note, though preceding day was legal holiday and day following Sunday.

Where note was payable on May 31st, statute of limitations ran from May 31st, though preceding day was observed as legal holiday and day following fell on Sunday, as suit could have been commenced on date note fell due.

3. Bills and notes ⬗129(1)—Hauling and leaving lumber for derrick was "commencing operations for oil well," maturing note payable after that event.

Where evidence showed preparations for drilling well were begun by hauling and leaving load of lumber to be used in construction of derrick, such preparations constituted "commencing operations for oil well," maturing note payable on demand after commencing operations.

4. Bills and notes ⬗539—Finding of absence of valuable consideration for execution of note held finding of failure of consideration.

Finding that no valuable consideration was paid for execution of note *held* equivalent to finding of failure of consideration.

Appeal from District Court, Clay County; Vincent Stine, Judge.

Action by Charles L. Koethe and another against J. L. Huggins. Judgment for defendant, and plaintiffs appeal. Affirmed.

See, also, 271 S. W. 143.

Taylor, Muse & Taylor, of Wichita Falls, and W. G. Eustis, of Henrietta, for appellants.

Wantland & Glasgow, of Henrietta, for appellee.

DUNKLIN, J. This suit was instituted by Charles L. Koethe and R. H. Wyatt against J. L. Huggins on a promissory note executed by the defendant, dated October 10, 1918, payable "on demand after commencing operations for oil well on my land after date," and containing stipulations waiving grace, notice, and contest; and from a judgment in favor of the defendant, Huggins, plaintiffs have prosecuted this appeal.

The two principal defenses urged to the collection of the note were, first, that it was barred by the statute of limitation of four years, and, second, that there was a failure of consideration. The facts alleged as a basis for the plea of failure of consideration were to the effect that, at the time of the execution of the note sued on, the payee contracted to deliver to the defendant capital stock in the Three States Oil & Gas Company of the par value of $5,000, for which stock the defendant had already made a partial payment of $2,500, and the note in controversy was given as a consideration for the balance of the purchase price of the stock; and that the payee had failed and refused to deliver to the defendant the capital stock so purchased by him.

In answer to special issues, the jury found that operations for an oil well were begun on the defendant's land on May 30, 1919; and that between that date and the 24th day of September, 1923, at which time this suit was instituted, the defendant had been absent from the state of Texas 114 days. The jury further found that no valuable consideration was given to the defendant for the execution of the note sued on.

[1] It is well settled by the authorities that, under the findings of the jury, the note became payable on May 31, 1919. Brookshire v. Allen (Tex. Civ. App.) 32 S. W. 164, and authorities there cited; Standard v. Thurmond (Tex. Civ. App.) 151 S. W. 627; State Nat. Bank v. East Coast Oil Co. (Tex. Civ. App.) 208 S. W. 190, writ of error denied; Brown v. Chancellor, 61 Tex. 437; Henry v. Roe, 83 Tex. 446, 18 S. W. 806; 8 Corpus Juris, p. 400, § 591.

[2] The period of time that elapsed between May 31, 1919, the date the note matured, and September 24, 1923, both dates inclusive, was 4 years and 117 days, and excluding both those dates was 4 years and 115 days. Hence plaintiffs' suit was barred by the statute of limitation of four years. Since the note fell due on May 31, 1919, and suit could have been instituted thereon on that date, the statute of limitation began then, and there is no merit in the contention that May 30, 1919, was observed in the town of Henrietta as a legal holiday because it was Decoration Day, and as banks were then closed, defendant had all of May 31, on which to pay the note, and as June 1 was Sunday, the note did not become due until June 2, and suit could not be brought until Tuesday, June 3.

[3] The evidence shows that preparations for the drilling of the well on appellants' land was begun on May 30, 1919, by hauling and leaving a load of lumber to be used in the construction of the derrick, and that actual drilling thereafter began on September 25, 1919. Appellant insists that the hauling of the load of lumber for the purposes men-

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 26, 1927.

tioned was not the "commencing of operations for an oil well," within the meaning of the stipulations in the note. This contention is overruled upon the following authorities: McCallister v. Texas Co. (Tex. Civ. App). 223 S. W. 859, writ of error denied; Terry v. Texas Co. (Tex. Civ. App.) 228 S. W. 1019; Heard v. Pratt (Tex. Civ. App.) 257 S. W. 660.

[4] The finding of the jury that no valuable consideration was paid to the defendant for the execution of the note was equivalent to a finding of failure of consideration as pleaded by the defendant, and appellants' contention to the contrary is overruled. Nelson v. San Antonio Traction Co. (Tex. Civ. App.) 142 S. W. 146, writ of error denied; House v. Kendall, 55 Tex. 40; 13 Corpus Juris, p. 367, par. 247.

For the reasons noted, all assignments of error are overruled and the judgment is affirmed.