## HARPER v. FIRST STATE BANK OF GRAND PRAIRIE. (No. 627.)

Court of Civil Appeals of Texas. Waco.
Feb. 2, 1928.

Rehearing Denied March 1, 1928.

1. **Bills and notes ⬅⮞358—Bank holding depositor's note as security for indebtedness due from payee was holder in due course, at least to extent of indebtedness secured.**

Bank which took note of depositor as collateral security for indebtedness due it from payee was holder in due course of note of depositor, at least to extent of the indebtedness for which it was held, and was entitled to all rights of holder in due course, irrespective of equities existing between depositor and his payee.

2. **Mortgages ⬅⮞218—Pledges ⬅⮞55—Holder of secured note may waive security and proceed to judgment against original maker.**

Holder of a secured note is not required to exhaust his security before enforcing note against original maker, but may waive security and proceed to judgment against original maker, whether security is in form of pledge of collaterals or mortgage on real or personal property.

3. **Banks and banking ⬅⮞134(1)—Bank holding depositor's past-due note may apply deposit in satisfaction of or as credit on note.**

Right of bank holding depositor's past-due note to apply his deposit in satisfaction thereof or as a credit thereon is fully recognized.

4. **Pledges ⬅⮞58(1)—Bona fide holder of negotiable paper pledged as collateral need not proceed first against other collaterals or attempt collection of debt by judgment because of alleged equities between parties to the negotiable paper.**

Bona fide holder of negotiable paper pledged as collateral for indebtedness, is not required to proceed first against other collaterals also pledged to secure the same indebtedness or to collect its debt by judgment and execution merely because of equities alleged to exist between the original parties to the negotiable paper.

5. **Banks and banking ⬅⮞134(1)—Bank holding depositor's note as collateral to secure payee's indebtedness held entitled to credit deposit thereon without first foreclosing mortgage securing note.**

Bank holding depositor's note as collateral to secure indebtedness due from payee in excess of amount of note *held* entitled to enforce collection thereof by applying deposit as a credit on the note without first foreclosing mortgage securing collateral note, though equities were alleged to exist between maker and payee.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by E. Harper against the First State Bank of Grand Prairie. Judgment for defendant, and plaintiff appeals. Affirmed.

W. B. Hamilton, D. A. Frank, and Geo. Sergeant, all of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

GALLAGHER, C. J. Appellant, E. Harper, instituted this suit in the district court to recover of appellee, First State Bank of Grand Prairie, damages in the sum of $10,439. Appellant alleged, in substance, that he had on deposit in appellee's bank the sum of $439; that it appropriated said sum to its own use and refused to pay his checks drawn thereon in favor of his creditors; that he was engaged in business at the time; that the refusal to pay his checks destroyed his credit and forced him to make an assignment; that he suffered damages by reason of the destruction of his credit and the closing of his business in the sum of $5,000 actual and $5,000 exemplary, all of which, together with the amount of said deposit, he sought to recover in this suit. Appellee answered and alleged that it held at the time the note of one Payne for a sum in excess of the amount of appellant's deposit; that Payne, for a valuable consideration, had indorsed and delivered to it as collateral a note executed by appellant to him for a sum also in excess of the amount of said deposit; that it acquired appellant's note as collateral before maturity in due course of business and without notice of any defense thereto on the part of appellant; that appellant's said note was long past due, and that he had failed and refused to pay the same; that it had applied appellant's deposit as a credit on appellant's said note held by it as aforesaid. Appellee further pleaded that after it acquired said note it discovered that appellant contended that there had been a partial failure of consideration therefor; that a controversy existed between appellant and said Payne with reference to the merits of said claim, and that appellant was insisting on a credit on the amount of said note, or on a right to rescind said trade and return certain furniture and fixtures for which it had been given, in satisfaction thereof; that said controversy had been submitted to arbitration, and that the arbitrators had decided that appellant should pay $450 on said note in addition to certain payments already made thereon. Appellant replied to said answer, setting out his theory of the situation, and further alleged improper conduct on the part of the arbitrators and that he had notified appellee that he did not feel that he ought to be held bound by said arbitration, and contended that appellee, having knowledge of the controversy between him and said Payne, was required as a matter of law to enforce its original indebtedness against Payne, who, he alleged, was amply solvent, or to sue appellant on his note and

foreclose the chattel mortgage securing the same, before appropriating his deposit to the payment thereof.

The case was tried before a jury. The evidence introduced shows that appellant purchased a confectionery business, together with the furniture and fixtures used in connection therewith, from said Payne; that as a part of the purchase price he executed and delivered to Payne his promissory note in the sum of $700, due one year after date, and secured the same by a chattel mortgage on the furniture and fixtures so purchased and other personal property; that Payne, being indebted to appellee, before the ma-·turity of said note indorsed and delivered the same to appellee as collateral security for said indebtedness. There is no contention that appellee had at the time it acquired said note any notice of any defense thereto. Appellant, however, claimed that there was an agreement at the time he executed and delivered said note and mortgage that an inventory should be taken, and, in event of any shortage, the amount thereof should·be applied as a credit in reduction of the amount due on said note; that an inventory was taken and a shortage discovered, but that Payne refused to allow any credit on said note. Appellee at the maturity of said note presented the same to appellant for payment and he failed or refused to pay the same on the ground that said controversy had not been adjusted. Said controversy was submitted to arbitration, and the arbitrators returned an award requiring appellant to pay $450 in full satisfaction of the balance due on said note. Appellant was dissatisfied with said award. While appellee was shown to have known of said award, there is nothing to show that it waived any of its rights as a holder of said note before maturity and without notice of any defense thereto on the part of appellant. Appellant was a depositor at said bank. Said note being long past due, appellee, without notice to appellant, appropriated his entire deposit amounting to $439, and applied the same as a credit on said note. Said entire deposit was not sufficient to satisfy the balance due on said collateral note either according to its terms or according to the amount due thereon as found by the arbitrators. Neither was the same sufficient to satisfy the indebtedness of said Payne to appellee. There was testimony tending to show that both appellant and said Payne were amply solvent, and that the property covered by the chattel mortgage given to secure said collateral note was sufficient to satisfy the same. There was also testimony tending to show that the appropriation of appellant's deposit and its application as a credit on his said note, was, under the circumstances, arbitrary and oppressive. Appellant's creditors became clamorous, and being without funds to satisfy their demands,

appellant closed his business and made an assignment. At the close of appellant's testimony, the court instructed a verdict for appellee and rendered judgment thereon. Hence this appeal.

### Opinion.

[1-3] Appellant presents as ground for reversal a single proposition, which is as follows:

"A bank holding its depositor's note merely as collateral to the note of its original debtor cannot arbitrarily appropriate such deposit to the payment of its debt where it has other ample security." ·

Appellant's contention, stated concretely, is that since appellee knew at the time it applied his deposit as a credit on his note to Payne held by it as collateral that he claimed the consideration therefor had failed in part, and that since said note was secured by a chattel mortgage and since Payne was solvent, that appellee could not, under such circumstances, lawfully apply his deposit as a credit on his said note, but was required to collect its debt out of Payne or to sue appellant on his said note and foreclose the mortgage securing the same. Appellee, as between it and appellant, was, under the facts recited, a holder of said note in due course, and, at least to the extent of the indebtedness held by it against Payne, entitled to all the rights of such holder, irrespective of any equities existing between appellant and said Payne. Liddell et al. v. Crain, 53 Tex. 549, 555; Brown v. Thompson et al., 79 Tex. 58, 61, 15 S. W. 168; Lane v. First Nat. Bank (Tex. Civ. App.) 155 S. W. 307, 309; Alexander v. Bank of Lebanon, 19 Tex. Civ. App. 620, 47 S. W. 840, 842. The holder of a secured note is not in this state required to exhaust such security before enforcing the same against the original maker, but he may proceed to judgment against him without reference to such security, whether the same is in the form of a pledge of collaterals or a mortgage on real or personal property. Weatherby v. Townes, 42 Tex. 83, 85; Walker v. Collins, 22 Tex. 189, 193; Borschow v. Stephenson (Tex. Civ. App.) 166 S. W. 121, 122; Lindsay v. Collings (Tex. Civ. App.) 182 S. W. 879, 881; 32 Cyc. 97, par. 2. The right of a bank holding a depositor's past-due note to apply his deposit in satisfaction thereof or as a credit thereon is fully recognized and sustained by the authorities in this state. Schoelkopf v. Phillips, 88 Tex. 31, 33, 29 S. W. 645, 646; Beatty-Folsom Co. v. Edwards (Tex. Civ App.) 238 S. W. 340, 344; Austin v. Wasaff (Tex. Civ. App.) 284 S. W. 694, 697; Cook & Arrington v. Citizens' State Bank (Tex. Civ. App.) 282 S. W. 888, 890.

[4] Appellant has cited no authority for his contention that appellee was required, under the circumstances, to attempt to collect its debt out of Payne before enforcing the pay-·

ment of said collateral note by applying his deposit as a credit thereon. A bona fide holder of negotiable paper pledged as collateral to an indebtedness is not required to proceed first against other collaterals also pledged to secure such indebtedness because of equities alleged to exist between the original parties to such pledged paper. 38 C. J. 1369, part of section 6; Sowell v. Federal Reserve Bank (C. C. A.) 294 F. 798, 801, 802. Since appellee would not have been required to first resort to other collaterals, if any, pledged by Payne to secure his indebtedness, we think for stronger reason that it was not required to try to collect its debt out of Payne by judgment and execution instead of enforcing the payment of said collateral note, notwithstanding it knew at the time of the controversy between appellant and Payne.

[5] Appellant cites in support of his contention that appellee was required to first foreclose the chattel mortgage given by him to secure his said note before applying his deposit as a credit thereon, the following cases: Furber v. Dane, 203 Mass. 108, 89 N. E. 227; Prudential Realty Co. v. Commissioner of Banks, 241 Mass. 277, 135 N. E. 221, 25 A. L. R. 935; McKean v. German-American Savings Bank, 118 Cal. 334–339, 50 P. 656; Commercial Bank v. Kershner, 120 Cal. 495, 52 P. 848; John M. C. Marble Co. v. Merchants' National Bank, 15 Cal. App. 347, 115 P. 59; Gnarini v. Swiss American Bank, 162 Cal. 181, 121 P. 726. McKean v. German-American Savings Bank, supra, is the oldest of the cases so cited. The court in that case held that said bank holding a debt against its depositor which debt was secured by a mortgage, could not appropriate the debtor's deposit in satisfaction of said indebtedness. This holding, however, was expressly based upon section 726 of the Code of Civil Procedure of that state in force at the time, which provided that:

"There can be but one action for the recovery of any debt, or the enforcement of any right secured by a mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter."

It was further held in that case that:

"Whatever the form of the debt, the mortgagor can be legally compelled to pay no part of it until decree is entered for the sale of the premises mortgaged, and the liability which shall then accrue to him is a liability to pay only a deficiency, which shall appear on the sheriff's return. The liability of the mortgagor is, therefore, contingent on the fact that a sale of the mortgaged premises shall satisfy the debt and costs."

All the California cases cited recognized and applied the same rule with reference to debts secured by mortgages. In the case of Marble Co. v. Merchants' National Bank, supra, the court distinguished a pledge of collaterals from a mortgage, and held that when the security for a bank's debt consisted of collaterals alone, said section of the Code did not apply and that the right of application or offset existed in favor of the bank. In the Massachusetts case of Furber v. Dane, supra, the court recited the holding in McKean v. German-American Savings Bank, supra, as an abstract proposition of law, but no application of the same was required in said case. The only other case cited is Prudential Realty Co. v. Commissioner of Banks, supra, also from the Supreme Court of Massachusetts. In that case Allen was indebted to the trust company in a large sum of money, secured by mortgage. He also had a large cash balance on deposit with said company. It became insolvent and was closed by the commissioner of banks. Allen demanded that his deposit be set off as against his liability on the note, which the commissioner refused to allow. In sustaining the action of the commissioner in refusing to allow such set-off, the court declared that the deposit could not be applied in payment of the mortgage debt, but further based its action on the proposition that, if such deposit could have been applied by the company as a payment on said indebtedness, Allen had no right to insist thereon because such action would give him a preference over other creditors. It is not disclosed in either opinion whether that state had a statute similar to the controlling section of the California Code or not. We have already shown that a creditor in this state holding an indebtedness secured by mortgage may waive the same and proceed to enforce such indebtedness by judgment and execution. Such being the case, appellee had a right to enforce the collection of its collateral note by applying appellant's deposit as a credit thereon without first foreclosing the mortgage and applying the proceeds of the sale of the property covered thereby to the satisfaction of such note.

The judgment of the trial court is affirmed.