## STATE TRUST & SAVINGS BANK v. MALITZ.

### No. 1151.

Court of Civil Appeals of Texas. Waco.
Dec. 4, 1931.

Rehearing Denied Jan. 14, 1932.

George Sergeant, Taylor & Irwin, and Garland L. Armstrong, all of Dallas, for appellant.

Geo. W. Hutchison and W. R. Herring, both of Dallas, for appellee.

ALEXANDER, J.

This action was brought by H. G. Malitz against the State Trust & Savings Bank for damages for injuries to plaintiff's credit and reputation alleged to have been sustained by him by reason of the failure of the bank to pay certain checks drawn by the plaintiff on said bank. In November, 1929, the plaintiff maintained a checking account with said bank and had on deposit therein the sum of $477.17. At that time he was indebted to the bank in a sum largely in excess of the above amount, which indebtedness was evidenced by his notes payable to the bank on demand. From November 13th to the 23d the plaintiff executed and delivered to various creditors' checks drawn on said account in the aggregate of $256. The bank refused to pay said checks. At that time it was endeavoring to secure an adjust-

ment of its debt against the plaintiff, and was holding the amount so on deposit for the purpose of applying same as a credit on said notes. Having failed to secure an adjustment of said indebtedness, it thereafter, on November 23d, applied the amount on deposit in said account as a credit on said notes. The jury found, in answer to special issues, that at the time said checks were presented to the bank for payment the plaintiff had on deposit in said account sufficient funds to cover same, and that the plaintiff was damaged in the sum of $1,000 by the refusal of the bank to pay said checks. The court entered judgment accordingly, and the defendant appealed.

The appellant assigns as error the refusal of the trial court to give an instructed verdict in its favor.

It is a well-settled principle of law in this state that a bank has a right to charge off and apply the amount of a depositor's account to the payment of a note held by it against the depositor, provided the note is due. Schoelkopf v. Phillips, 88 Tex. 31, 29 S. W. 645, 646; Harper v. First State Bank (Tex. Civ. App.) 3 S.W.(2d) 552, par. 3 (writ ref.); Cook & Arrington v. Citizens' State Bank (Tex. Civ. App.) 282 S. W. 888, par. 3; Guaranty State Bank v. Beard (Tex. Civ. App.) 18 S.W.(2d) 679; Black v. Gray (Tex. Com. App.) 280 S. W. 573; Beatty-Folsom Co. v. Edwards (Tex. Civ. App.) 238 S. W. 340, par. 5; Austin v. Wasaff (Tex. Civ. App.) 284 S. W. 694, par. 1.

In this case, the notes held by the bank were payable on demand and the evidence does not show conclusively that demand for payment was made before payment of the checks was refused by the bank. However, this does not appear to be material. Under the rule in force in this state, a demand note is due immediately upon its execution and delivery, and without the necessity of demand for payment. Henry v. Roe, 83 Tex. 446, 18 S. W. 806, 808; State National Bank v. East Coast Oil Co. (Tex. Civ. App.) 208 S. W. 190, par. 1; Waggoner Banking Co. v. Gray County State Bank (Tex. Civ. App.) 165 S. W. 922, par. 1; Koethe v. Huggins (Tex. Civ. App.) 290 S. W. 790, par. 1; Hall v. First Nat'l Bank (Tex. Civ. App.) 252 S. W. 828, par. 17.

The above rule was not changed by the Uniform Negotiable Instruments Act. Revised Statutes, article 5937, § 70; Shuman v. Citizens' State Bank, 27 N. D. 599, 147 N. W. 388, L. R. A. 1915A, page 728.

Since the appellee was indebted to the bank in a sum larger than the amount on deposit to his credit, and the indebtedness to the bank was due, the bank had the right to hold the amount so on deposit and to later apply the same to the payment of said indebtedness, and the appellee was not entitled

to recover damages for the failure to pay said checks. The court should have given the instructed verdict as requested.

The judgment of the trial court is reversed, and judgment here rendered for the appellant.