**HUFFERD et al. v. LERMA et al.**

No. 10095.

Court of Civil Appeals of Texas.
San Antonio.

July 7, 1937.

E. T. Yates, of Brownsville, for appellants.

Clarence S. Bennett, of Brownsville, for appellees.

SMITH, Chief Justice.

R. A. and D. F. Lerma, partners, recovered of F. W. Hufferd and W. C. Dodgen the amount of a promissory note, for $200, which had been executed by one N. L. Roberts and Hufferd and Dodgen. Hufferd and Dodgen have appealed.

The record in the case was found by the trial court to have been mutilated and altered since the trial below, and was ordered restored by the court, all of which, with the corrections, are shown in a supplemental transcript filed herein on an uncontested motion therefor.

■ It is contended by appellants that appellees' trial petition constituted a suit by a partnership, as an entity, rather than by the two Lermas as individuals comprising said partnership; that the admitted "mutilations" and "alterations" in the filed papers were accomplished for the purpose of avoiding the effect of appellants' said contention; that the changes, additions, and erasures were of such nature as to show the suit was by the individual partners rather than by the entity. The record at large tends to support appellants' contentions in this respect, but the trial judge ordered the record restored, and this court granted appellees' motion for leave to file supplemental transcript showing such restoration, all without contest by appellants. According to the restored record, it sufficiently appears that appellees sued as individuals, and not as an entity, and appellants' first proposition is overruled.

■ In their trial petition appellees alleged that on August 24, 1935, appellants executed the note sued on and that such note bore said date. The note was thereupon set out in hæc verba, but as there set out bore the date August 24, 1925, instead of August 24, 1935, as alleged. When the note actually dated August 24, 1935, was offered in evidence, appellants objected to its admission upon the ground that the instrument offered bore a date different from that pleaded. The court overruled that objection, and admitted the note. Appellants excepted and complain thereat in their second proposition on this appeal. We overrule the proposition. Appellees having alleged that the note was executed on August 24, 1935, and that it bore that date, appellants could not have been misled to their injury by the erroneous date, obviously a typographical error, in the purported copy of the instrument set out in the pleading. 6 Tex.Jur. p. 947, § 272.

The judgment must be affirmed.