GOSSETT, Banking Commissioner, v.
STUBBLEFIELD et al.

No. 2122.

Court of Civil Appeals of Texas. Waco.

Nov. 17, 1938.

Ocie Speer, of Austin, for appellant.

Sam H. Allred, of Hillsboro, for appellees.

ALEXANDER, Justice.

On August 31, 1931, C. Stubblefield executed and delivered his promissory note, payable on demand, to the order of L. K. Hannah, in the sum of $454.76, with interest from date at the rate of eight per cent per annum. On November 9, 1931, Hannah executed his note in the sum of $500, payable to Central Bank & Trust Company and pledged the Stubblefield note as security to pay same. Z. Gossett, as banking commissioner of Texas, having in charge for liquidation the Central Bank & Trust Company, filed this suit against L. K. Hannah to recover on the note executed by him to said bank and against C. Stubblefield to recover on the note executed by him to Hannah. Hannah filed an answer but did not otherwise defend on the trial of the case. Stubblefield alleged, in substance, that the bank was not a bona fide holder of said note; that prior to the date of the assignment of his note to the bank, Hannah had demanded payment thereof and that he actually paid part of said note prior to its transfer to the bank and that he paid the balance thereof to Hannah before he had notice that the bank had acquired same. The jury returned a verdict on special issues, favorable to defendant Stubblefield, and thereupon the court entered judgment for the banking commis-

sioner against Hannah for the amount of his note but denied the plaintiff any recovery against Stubblefield. The banking commissioner appealed.

Only three issues were submitted to the jury. These issues were as follows:

1. "Do you find from the preponderance of the evidence that L. K. Hannah made demand on Cecil Stubblefield for the payment of the note introduced into evidence before you and signed by Cecil Stubblefield and payable to L. K. Hannah before the 9th day of November, A. D. 1931?"

2. "Do you find from the preponderance of the evidence that Cecil Stubblefield paid to L. K. Hannah the full amount of the said note?"

3. "Do you find from a preponderance of the evidence that the money on deposit in the name of Mrs. Beerah Stubblefield on January 13, 1932 was interest on her individual funds?"

Neither of the parties attach any importance to the finding of the jury in answer to the third issue and consequently the same will not be further considered herein.

In the lower court appellant objected to the issues on the ground that they were mere evidentiary issues and here contends in effect that the jury's findings in answer thereto are insufficient to support the judgment of the court. We are of the opinion that this contention must be sustained. The note was payable on demand and the jury found that demand for payment was made by Hannah prior to the transfer of the note to the bank, but, in our opinion, this finding is immaterial. Since the note was payable on demand, it was, for certain purposes and as between the original parties, already due when it was issued. State Trust & Savings Bank v. Malitz, Tex.Civ.App., 44 S.W.2d 1070, sec. [2]. Therefore, for such purposes and as between the original parties, the demand for payment could add nothing. However, although the note was payable on demand and therefore, as between the original parties, due when issued, it was nevertheless negotiable, R.S. art. 5932, sec. 1, and the bank as a subsequent purchaser thereof was entitled to the protection of a holder in due course if it acquired the same in good faith for value without notice, and before it was overdue. R.S. art. 5935, sec. 52(2). Here the bank is the holder of the note, and under R.S. art. 5934, sec. 45, it is deemed to have acquired the same before it was overdue and is therefore deemed prima facie to be a holder in due course. R.S. art. 5935, sec. 59. Whether it acquired same before it was overdue depends on whether the note was negotiated an unreasonable length of time after its issue, R.S. art. 5935, sec. 53, the time to be measured by the standard fixed by R.S. art. 5948, sec. 193. Even though the note was payable on demand and demand for payment had been made before the bank acquired same, since there was no proof nor finding that the bank had notice of such previous demand or dishonor, the demand for payment was ineffective as to the rights of the bank, R.S. art. 5935, sec. 52(2), and the note was not overdue for the purpose of transfer until after the lapse of a reasonable length of time. 10 C.J.S. Bills and Notes, 744, § 247; O'Connell v. Fitzpatrick, 286 Ill.App. 583, 4 N.E.2d 134. The burden was on Stubblefield to prove and secure a finding to the effect that the note was negotiated an unreasonable length of time after its issue, or that the bank was otherwise not a holder in due course. 8 Amer.Jur. 606, sec. 1021; 6 Tex.Jur. 991, sec. 302; 11 C.J.S. Bills and Notes, 48, § 654. This he failed to do. If it were the rule that a secret and undisclosed demand for payment destroyed the negotiability of a demand note, one could never safely buy such a note. Dunn v. O'Keefe, 5 M. & S. 282 (Eng. Kings' Bench 1816). Yet, the provisions of the Uniform Negotiable Instruments Law clearly contemplate that such a note should be negotiable.

The finding that Stubblefield paid Hannah the full amount of the note was likewise immaterial. If it had been established that the bank was not a holder in due course, Stubblefield would have been entitled to credit on the note for such amounts only as he had paid thereon prior to his receipt of notice of the transfer of the note, R.S. art. 568, and the issue as submitted does not require a finding as to the amount paid by Stubblefield prior to the receipt of such notice.

The judgment of the trial court is reversed and the cause is remanded for a new trial.