## KYLE v. COMMERCIAL CREDIT CO., Inc.

### No. 4085.

Court of Civil Appeals of Texas. El Paso.
April 24, 1941.

Rehearing Denied May 15, 1941.

A. T. Folsom, of Wink, for plaintiff in error.

Harrison, Rasberry & Lipscomb, of El Paso, for defendant in error.

PRICE, Chief Justice.

This is an appeal by writ of error from the judgment of one of the District Courts exercising jurisdiction in El Paso County. Commercial Credit Company, Inc., as plaintiff, recovered judgment against Minnie Kyle, as defendant, in the sum of $1,010.75 on a promissory note. The judgment including unpaid principal, interest and attorneys' fees. Judgment was by default, the defendant, though duly cited, failing to appear and answer.

Plaintiff declared on a promissory note dated July 27, 1939, payable to F. M. Slack, or order, doing business as Pecos Battery Company, alleged to have been executed and delivered on said date by defendant, and before maturity endorsed by Slack to it. The note being in the principal sum of $988.83, payable in thirty-five monthly installments of $27.40 each, and a final installment of $27.03; the first installment falling due August 27, 1939, and a like installment falling due each month thereafter; interest at the highest legal rate after maturity, providing for attorneys' fees in the sum of 15% on amount due; failure to pay any installment when due to give holder optional right to mature entire indebtedness.

It is alleged defendant made four payments of $27.40 each on the note after same was the property of plaintiff; that defendant defaulted in subsequent payments falling due under the terms of the note, and that "plaintiff has now declared the entire balance due." The amount of principal unpaid is alleged as $878.91, and a recovery of interest is sought, together with 10% attorneys' fees on the amount due. Preceding this allegation is an allegation that plaintiff had placed the note in the hands of Harrison, Rasberry and Lipscomb for collection, and contracted to pay them as attorneys' fees the 15% in the note stipulated.

Defendant was duly cited to appear on June 3, 1940, and answer the petition; although duly served she failed to appear; on June 4, 1940 plaintiff, under leave of the court, filed a trial amendment alleging that there was due on the note sued on the $878.-91, plus interest and 15% as attorneys' fees on the amount due.

On June 4, 1940, the judgment before stated was rendered and entered. This judgment recites that it was by default.

However, a statement of facts is in the record. This statement of facts discloses that plaintiff offered the note in evidence and the testimony of Mr. Rasberry as to the employment of his firm to collect the note, and the contract for 15% attorneys' fees.

The note provides that the installments are payable monthly, the date the first installment is to become due and payable is blank. It further provides that the balance of installments are to be paid on the same day of each month until all are paid. The note is payable at the office of the Commercial Credit Company at El Paso, Texas.

It is contended that the trial amendment stated a new cause of action, and that as to same there was no jurisdiction over the person of defendant. The original petition stated the note provided for 15% for attorneys' fees and a contract with attorneys to pay that amount. In a later paragraph it is alleged there is due on the note the principal and interest plus ten percent of that amount as attorneys' fees.

In our opinion the original petition, taken as a whole, would have supported a judgment for the 15% attorneys' fees awarded. Morrison v. George W. Keese & Son, 25 Tex.Supp. 154.

The trial amendment did not state a new cause of action, but simply clarified the original petition. The assignment is overruled.

Defendant asserts by assignment and proposition that plaintiff's petition was insufficient to support the judgment rendered. She urges that as to the installments not due at the time of filing of the petition same must be shown by the petition to have been matured in accordance with the terms of the note; further, that plaintiff's petition failed to allege that the note was given for a valuable consideration. In other words, failed to allege any consideration for the note.

Plaintiff's allegation as to the maturity of the future installments is that in accordance with the terms of the note plaintiff has now declared the entire balance of said note due. There is no allegation as to notice to defendant of the exercise of the option averred, nor other demand for payment. A copy of the note is not set forth in the petition and no copy is attached thereto. It is averred, however, that the note was payable at the office of plaintiff in El Paso, Texas.

In support of her assignment as to the failure to furnish notice of intention to declare the note due, defendant cites Ross v. Isaacs, Tex.Civ.App., 54 S.W.2d 182, and Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174.

In the first case cited it was held that there was absent contractual provision, either in deed of trust or the notes, authorizing the maturity of the notes for failure to pay taxes. In Parker v. Mazur, no specific place of payment was provided for in the note; no demand had been made for the specific delinquent installment relied upon to mature the note.

■ It is the law that in the case of a note payable in installments or series of notes authorizing the holder, at his option, to declare same due for default in the payment of any prior installment of interest or principal, that the filing of suit for the entire debt evidences the exercise of the option, and want of notice of the intention to exercise such option is no defense. Dieter v. Bowers, 37 Tex.Civ.App. 615, 84 S.W. 847; Seaboard Bank & Trust Co. v. Amuny, Tex.Civ.App., 6 S.W.2d 186, affirmed, Tex.Com.App., 23 S.W.2d 287; Natali v. Witthaus, 134 Tex. 513, 135 S.W. 2d 969, loc. cit. 977.

The above proposition should perhaps be qualified by the statement that it is valid only where the note does not provide for notice; further, there must be an actual default as to the installments of interest or principal.

■ In the instant case it is to be noted that the installments were payable at the office of plaintiff in El Paso, Texas. This of itself would dispense with the necessity for presentment of demand, if in any case demand on the primary obligor is required.

In regard to the failure to allege a consideration for the note, it is alleged that for the note sued on plaintiff paid a valuable consideration and same was endorsed to it before maturity. It is not alleged that same was executed for a valuable consideration.

■ Under Sec. 59, Article 5935, R.C.S. 1925, plaintiff was presumed to be a holder in due course. Sec. 57 of the same article provides that a holder in due course takes the instrument free from defenses that might be good between the original parties. As a holder in due course, it was not incumbent on plaintiff to either allege or prove that the note had been given for a valuable consideration. If it was a holder in due course, consideration or lack of consideration was immaterial. Furthermore, Article 5933, par. 24, R.C.S.1925, expressly provides:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

"If the contract imports a consideration, the pleading of the contract by [plaintiff] was all that was necessary to plead consideration." Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67, 69.

It is assigned as error that the judgment rendered was not supported by the evidence.

The judgment could have been rendered upon the pleading. However, evidence was introduced. The note is dated July 27, 1939, and provides that the principal shall be payable in thirty-five monthly installments of $27.40 and a final installment of $27.03, "the first to become due ———"; balance of installments to be paid on the same day of each month thereafter until finally paid.

Defendant's position is that the date of the first installment being left blank, that same was payable on demand. This position is founded on Sec. 7 of Article 5932, R.C.S.1925. Subsection 2 of Sec. 7 of the article provides: "An instrument is payable on demand * * * In which no time for payment is expressed."

■ We believe the assumption of defendant that the first payment was payable on demand is correct. In this event there was a slight variance between the terms of the note and the averment. If the first installment was due on demand, it was due when the note was issued. State Trust & Savings Bank v. Malitz, Tex.Civ.App., 44 S.W.2d 1070; Gossett v. Stubblefield, Tex. Civ.App., 121 S.W.2d 665.

In other words, instead of being due on August 27, 1939, as averred, it was due July 27, 1939; if due on July 27, 1939, it was likewise due on August 27th of that year.

■ Averment that does not tend to mislead or surprise may be disregarded by the court. 6 Tex.Jur. p. 945, § 271; McClelland v. Smith, 3 Tex. 210; Roberts v. J. B. Colt Co., Tex.Civ.App., 31 S.W.2d 196; Kelsey v. Myers, Tex.Civ.App., 29 S.

W.2d 855; Patton v. Crisp & White, Tex. Civ.App., 11 S.W.2d 826; Hufferd v. Lerma, Tex.Civ.App., 107 S.W.2d 1007.

In our opinion the judgment finds support in both pleading and proof.

The case is affirmed.