### H. S. PARKER v. HUGH LEWIS.

No action will lie against an accommodation acceptor of a bill of exchange in favor of one for whose accommodation the acceptance is made, unless the acceptor be placed in funds to meet the bill.

APPEAL from Gonzales. Tried below before the Hon. Henry Maney.

*J. F. Miller*, for appellant.

*Everett Lewis* and *James H. Burts*, for appellee.

MCADOO, J.—This was a suit filed by appellee, as surviving partner of the firm of Harris & Lewis, against the appellant and T. N. Waul, on the following bill:

" $1860. GONZALES, Sept. 11, 1860.

"Six months after date pay to the order of Harris & Lewis eighteen hundred and sixty dollars, value received, and charge the same to account of

(Signed) "T. N. WAUL.

"*To H. S. Parker, Gonzales.*"

This bill was accepted by Parker. Suit was filed October 30, 1866.

The pleadings are very voluminous. Waul, after pleading his discharge, by reason of want of protest and the not filing of the suit in time to hold him bound, finally disappears from the case on filing his plea of discharge in bankruptcy. The issue finally narrowed down between the appellant and the appellee, to one of fact, whether Parker accepted the bill for the accommodation of the drawer or of the payees.

In addition to the plea of the appellant that he accepted the bill for the accommodation of the payees, Harris & Lewis, he charges that Harris, for the firm, contracted and agreed to endorse the bill and negotiate it upon the market for what it would bring, and that in case it was not paid by Waul, that Harris & Lewis would pay it, and that it should never come upon Parker; and that in violation of this agreement Harris & Lewis did not endorse the bill, but held it to cover an usurious loan to Waul.

These were issues of fact. If true, the appellant's plea would acquit him of liability on the bill. No action will lie against an accommodation acceptor in favor of any party for whose accommodation the acceptance was made, unless he were placed in funds to meet the bill. (Edwards on Bills and Prom. Notes, 315; Story on Bills, Sec. 187.)

We think the court erred in excluding from the jury the testimony of Waul and of the appellant, Parker, in reference to the facts as to whether Parker, the acceptor, had been placed in funds to meet the bill.

For this error the judgment of the District Court must be reversed and the cause remanded.

REVERSED AND REMANDED.