O'NEIL v. GIBSON.   (No. 7351.)

(Court of Civil Appeals of Texas.   Dallas.
May 22, 1915.)

1. BILLS AND NOTES ⊜⇒451—DEFENSE—SET-
OFF.

In a client's action on a note executed by
his attorney, defendant's contention that the
note was executed that it might be used by the
client to obtain money with which to pay de-
fendant an attorney's fee was not objectionable
as presenting matter not available as a legal
defense or set-off to the note.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1342, 1343, 1365, 1366;
Dec. Dig. ⊜⇒451.]

2. CONTRACTS ⊜⇒350—MUTUALITY—PROOF.

That one party to a contract testified to by
the other party, testified that the contract was
not made, did not conclusively show that the
contract was lacking in mutuality.

[Ed. Note.—For other cases, see Contracts,
Cent. Dig. §§ 1819–1823;  Dec. Dig. ⊜⇒350.]

3. LIMITATION OF ACTIONS ⊜⇒25—APPLICA-
TION OF STATUTE—DEFENSE TO NOTE—AC-
COMMODATION MAKER.

Where, in an action on a note executed by
plaintiff's attorney, defendant claimed that the
note was given that it might be used by plain-
tiff to secure money to pay an attorney's fee
owing to defendant, he was an accommodation
maker and the two-year statute of limitation,
barring his right of action for the fee, was inap-
plicable to the issue thus presented.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 113, 118–131;  Dec.
Dig. ⊜⇒25.]

4. APPEAL AND ERROR ⊜⇒1001—JUDGMENT—
EVIDENCE.

A judgment based on findings of fact rea-
sonably supported by evidence, will be affirmed
on appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3922, 3928–3934;  Dec. Dig.
⊜⇒1001.]

Appeal from Navarro County Court; R. R.
Owen, Judge.

Action by Ed C. O'Neil against El J. Gib-
son.   From judgment for defendant, plain-
tiff appeals.   Affirmed.

Jack & Jack, of Corsicana, for appellant.
Callicutt & Johnson, of Corsicana, for appel-
lee.

RASBURY, J.   Appellant sued appellee in
the justice court of precinct No. 1 of Navar-
ro county, August 2, 1913, on appellee's prom-
issory note dated November 28, 1910, and
due 20 days thereafter.   Appellee defaulted
in the justice court, but, within the time pro-
vided by law removed the case to the county
court, where trial was had de novo before the
county judge, resulting in judgment on the
merits of the case for appellee.   No question
arises on appeal as to the sufficiency of the
pleading of either party, but all questions
arise upon the sufficiency of the evidence to
support the judgment of the court, and for
that reason we will omit a statement of the
pleading, since the defense of appellee and
appellant's answer thereto appear from the
evidence and the issues raised thereon in
this court.

Appellant testified concerning the execu-
tion and delivery of the note, which was put
in issue, in substance, that on November 28,
1910, appellee, who was his attorney and spe-
cial friend, called at his place of business in
Corsicana and borrowed $150, executing the
note sued on as evidence of the loan.   Appel-
lant held the note until October 9, 1911, when
he sent it through a local bank to Dallas,
where appellee had in the meanwhile re-
moved, for collection, sending it again for
collection October 13, 1911, payment in both
instances being refused.   After the note had
been due about a year, appellant saw ap-
pellee and reminded him the note was un-
paid, at which time appellee promised to
pay the same as soon as he could close a
trade for the sale of a house then pending,
and that until the trial of the case in the
county court appellee made no claim that he
did not owe the money represented by the
note.

Appellee on the contrary testified that at
the time the note was executed appellant was
indebted to the firm of Gibson & Calloway
$350, balance on fees for legal services ren-
dered appellant during the year 1909 in de-
fending him before the courts in approxi-
mately 17 cases charging him with violation
of the local option laws, and that on that
date appellee visited appellant, and after
calling his attention to the unpaid balance
and reminding appellant that he had subse-
quently rendered him other valuable profes-
sional services for which he had not been
remunerated, insisted that appellant make
him a substantial payment.   Further talk
was indulged in, but it was then and there
agreed that appellee should execute the note
sued on, which was to be indorsed and nego-
tiated by appellant and the money so secured
turned over to appellee, with the further
agreement that when the note matured ap-
pellant should pay it, the purpose being to
raise money to pay upon appellant's debt to
appellee.   The note was executed and in-
dorsed, and appellant did secure the money
and pay it over to appellee on the fees due,
with the agreement that the debt was appel-
lant's and would be paid by him when it
matured.   From the maturity of the note on
December 20, 1910, to January 14, 1911, ap-
pellee saw appellant daily and nothing was
said by appellant relating to the note.   Dur-
ing 1911 and 1912 appellee saw appellant fre-
quently, but the note was not mentioned.
Appellant did not at any time claim appellee
owed him the money, until the year 1913,
when appellant became offended at appellee
because appellee accepted employment from
appellant's wife in a suit for divorce growing
out of domestic differences, when appellant
demanded payment of the note, which appel-
lee refused.   L. R. Calloway corroborated ap-
pellee's testimony concerning the employment
of Gibson & Calloway, and that there was
due the firm $350 at the time the note sued

on was executed, which had been assigned to Gibson.

Appellant in rebuttal specifically denied the statements of appellee that the $150 was to be paid on attorney's fees, but declared that the note represented nothing more nor less than a loan.

Thus it is seen that appellant and appellee are hopelessly in conflict concerning the real consideration for the execution of the note. It is also equally clear that it was the function of the trial judge to reconcile the conflict in the evidence of the parties or adopt as true the facts testified to by one or the other of the litigants. The trial court acted in that respect, and it is useless for us to argue that we cannot disturb such action. It only remains therefore to ascertain if the trial court has in any respect erred in applying the rules of law to the facts so found.

[1] It is first contended, in effect, that even though the court adopted appellee's evidence as the truth of the transaction, judgment should nevertheless have been for appellee, because the contract between appellee and appellant as testified to by appellee was not available as a legal defense or set-off to the note. The contention misconceives the issue made by the pleading, as well as the purpose of the evidence. The claim made by appellee was that the note represented the debt of appellant and the evidence, if true, establishes nothing less than that. Hence, no issue of payment or set-off arises. The trial judge having found the facts as related and the issue being solely one of fact, and being supported by the evidence, the question of defense or set-off is eliminated, because, as stated, the debt was not the debt of appellee.

[2] Nor can it be said as urged by appellant that the contract testified to by appellee was not mutual solely because appellant testified that no such agreement was in fact made. In disposing of the conflict in the evidence of the parties the court necessarily discarded the evidence of one of them, as it was his duty to do, and when he did so there was of course entire mutuality in the contract proven.

[3] Neither does the question of limitation enter the case as is also urged by appellant. Appellee was not setting off against the note the fees owed him by appellant, and which were barred by the two-year statute of limitation. According to the agreement testified to by appellee and adopted by the court, the note was made in order to enable appellant to make a payment on his debt to appellee. In short, by the finding of the judge appellee's legal status was that of accommodation maker. Accordingly limitation was not an issue.

[4] As stated in the beginning the case presents issues of fact solely. Such issues are for the determination of the trial court, and when the trial court has determined them the only duty of this court on appeal is to examine the evidence to ascertain if it supports the conclusions of the trial court. It is obvious from the statement already made of the evidence that it does support such conclusions. Accordingly the judgment is affirmed.

Affirmed.