C. W. MURCHISON v. R. E. SAXON ET AL.
(J. T. HARDIN ET AL.)

No. 6768.   Decided December 9, 1936.
Rehearing overruled January 6, 1937.
(99 S. W., 2d Series, 288.)

*Wynne & Wynne, Toddie L. Wynne,* and *Jack T. Life,* all of Athens, for plaintiff in error.

When an agreement by the payee to renew a note is made on condition that a third party would sign, the payee is not the accommodated party, and the payee or one holding under him may hold such third party on the note, even though an officer of the bank requested the third party to sign the note and personally agreed to indemnify him against loss. Signer of renewal note of third party by large depositor of bank inducing renewal of note criticized by bank examiner, thereby preventing the closing of the bank and consequent loss of deposit was not an accommodation maker for the bank. Robertson v. City Natl. Bank, 36 S. W. (2d) 481; Shaw, Banking Comr., v. McShane, 50 S. W. (2d) 278; Drake v. Harris, 24 S. W. (2d) 445.

*Bishop & Holland,* of Athens, for defendants in error.

The note suit on was executed by R. E. Saxon, solely at the request of and for the accommodation of the First State Bank of Murchison, Texas, and being without consideration, the said Saxon was not liable thereon. King v. Wise, 282 S. W., 570; Central Natl. Bank v. Lawson, 27 S. W. (2d) 126; First Natl. Bank of Bowie v. Chandler, 58 S. W. (2d) 1056.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On March 9, 1931, defendant in error, R. E. Saxon, signed a note in the sum of $3000.00 payable to the First State Bank of Murchison, Texas. This note was also signed by J. T. Hardin. In May, 1932, the bank became insolvent and for the purposes of liquidation assigned all of its properties and assets to the Henderson County Investment Company, the assignee agreeing to pay all debts and the depositors of the bank, with certain exceptions. On May 17, 1932, the Henderson County Investment Company assigned all of the property and assets acquired by it from the bank to plaintiff in error, C. W. Murchison. Murchison assumed and obligated himself to pay all depositors of the bank, with certain exceptions. He advanced the sum of $41,000.00 for this purpose. It was agreed that if a sufficient amount of money was collected from the assets of the bank to repay his indebtedness, together with expenses in handling and liquidating the assets, then the remaining portion of the property should be returned to the investment company. Murchison, as assignee, brought suit on the $3000.00 note against J. T. Hardin and R. E. Saxon and sought a recovery of the principal, interest and attorney's fee. The trial court instructed a verdict in favor of Murchison as against Hardin, but against him as to Saxon. Hardin did not appeal from the judgment of the district court, but Murchison did appeal as to the judgment against him in favor of Saxon. The judgment of the trial court was affirmed by the Court of Civil Appeals. 69 S. W. (2d) 189.

The parties will be referred to as in the trial court.

The Court of Civil Appeals affirmed the judgment of the trial court on the proposition that Saxon was only an accommodation maker of the note, and the opinion of the court contains a lengthy statement of facts touching the matter of the execution of the note. While there is much doubt as to the correctness of this conclusion, and while we in no manner approve the holding of the Court of Civil Appeals on that question, nevertheless we find that the case should be reversed and rendered in favor of plaintiff, even if it be taken as conceded that the note was only an accommodation note, so far as Saxon was concerned.

The indebtedness represented by the note in question was originally that of Hardin, and had been carried by the bank for some time. It is undisputed that on January 7, 1931, the bank examiner representing the Banking Commissioner of the State

of Texas examined the affairs of the First State Bank of Murchison and criticised the Hardin note, advising officials of the bank that it would have to be secured, or it would be taken out of the assets of the bank, and the banking officials would be required to supply additional capital to that extent. On March 9, 1931, the affairs of the bank became involved by reason of the failure of a related bank in another city and Saxon was called upon by the vice-president and cashier of the bank for aid. He was advised that the bank would be examined in the next few days and if the examiner found the Hardin note unsecured, it would be charged off as an asset, and the bank was not in position to restore the impaired capital to that extent. In order to meet the exigencies of the situation and to protect the bank against the impending examination and probable closing, Saxon was induced to sign the Hardin note. At that time he had on deposit with the bank approximately $5000.00, and the signing of the note had the effect of postponing the closing of the bank, and he was enabled to withdraw a portion of his deposits. Saxon admitted that at the time he signed the note or shortly thereafter he furnished the bank a financial statement and that he supposed the purpose was to submit this statement to the bank examiner.

It is further undisputed that when the examiner again investigated the affairs of the bank he approved the Hardin note as an enforceable asset of the bank, because it had been signed by Saxon, and but for the signature of Saxon he would not have done so. He also testified that if he had known Saxon was claiming it to be only an accommodation note he would not have passed it.

If this were an action by the Banking Commissioner as liquidating agent for the creditors and depositors of the First State Bank of Murchison, defendant Saxon would undoubtedly be estopped to question the legal obligation of the note involved. The case of Shaw v. Borchers (Com. App.), 46 S. W. (2d) 967, is decisive of this precise question. See also the case of E. C. Brand, Banking Commissioner, v. Robert P. Korth, this day decided by this court (128 Texas, 488, 99 S. W. (2d) 285), and the authorities cited in that opinion. We are of the opinion that plantiff Murchison is unquestionably in position to urge this estoppel. Section 29 of Article 5933, Revised Statutes 1925, which is a part of the Negotiable Instrument Act, is as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiv-

ing value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, *notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.*" (Emphasis ours.)

Plaintiff Murchison was undoubtedly a purchaser for value under the foregoing article, and as guarantor of the depositors in the insolvent bank, he could enforce payment of the note and could successfully interpose the plea of estoppel.

The judgments of the trial court and of the Court of Civil Appeals are reversed and judgment is here rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court December 9, 1936.

Rehearing overruled January 6, 1937.