## FIRST NAT. BANK OF SANTA ANNA, TEX., v. BROWN.

### No. 8506.

Court of Civil Appeals of Texas. Austin.

Nov. 24, 1937.

Rehearing Denied Dec. 22, 1937.

Critz & Woodward, of Coleman, for appellant.

Baker & Baker, of Coleman, for appellee.

BLAIR, Justice.

Appellant, the First National Bank of Santa Anna, Tex., sued appellee, Frank Brown, on his note dated December 21, 1931, for $1,170, and payable to appellant bank on demand. The note was given in renewal of a note for $1,125, dated July 18, 1931, executed by appellee and payable to appellant bank on demand, which note was in renewal of a note for $1,008.57, executed by appellee to the State National Bank of Santa Anna, Tex., dated

May 29, 1930, due October 1, 1930, and which note was in turn a renewal of indebtedness due by appellee to said bank. Appellant bank acquired said $1,008.57 note after maturity through a merger of the above-named banks.

Among other defenses, appellee alleged that there was no consideration for the $1,008.57 note, because at the time of its execution and delivery to the State National Bank of Santa Anna, P. P. Bond, the cashier of said bank, agreed with appellee to accept two notes, one for $230 and one for $460, executed by Joel G. Smith and L. Knight, and payable to W. C. Townsley, and owned by appellee, in full settlement of the $1,008.-57 note; and that in consequence the renewal note in suit was without consideration, and was executed for the purpose of accommodating the bank.

The jury found in answer to the only issue submitted that P. P. Bond, cashier of the State National Bank at the time of the execution of the $1,008.57 note to said bank, agreed with appellee, Brown, to accept the two notes above described in full settlement of his indebtedness to said bank. Judgment was accordingly rendered for appellee.

Appellant urges several assignments of error and propositions of law which present three questions for our determination: (1) That there was not evidence to sustain the finding of the jury; (2) that the oral contract of settlement relied upon by appellee to defeat the indebtedness represented by the note in suit was in direct contravention of the written contract, and was an attempt to set up a verbal agreement made contemporaneously with the written agreement to defeat the note, and was an oral agreement to the effect that appellee would never have to pay the indebtedness represented by the note; (3) that the trial court erred in refusing appellant bank a new trial because of the improper argument of counsel for appellee to the jury.

Appellee testified that P. P. Bond, as cashier of the State National Bank of Santa Anna, Tex., agreed to accept the two notes described in full settlement of his note for $1,008.57; and that said note and the renewal notes were executed for the purpose of accommodating said bank, and in aid of its collection of the said two notes. P. P. Bond testified that no such agreement was made. The note had written in the lower left-hand margin, in typewriting, "Bangs, Texas. Col Notes." Bond testified

that this notation meant that notes were held as collateral security to the $1,008.57 note. Appellee testified that this notation was not on the note at the time he signed it. Neither of the renewal notes contained such a notation. There was introduced in evidence a petition filed December 19, 1929, by the State National Bank of Santa Anna, in the county court of Coleman county, upon the two notes delivered in settlement of the $1,008.57 note, in which the bank alleged that it was the owner of said two notes. On February 11, 1930, judgment by default was taken on the notes, in favor of said bank against the obligors thereon. Thereafter an execution was issued, and the sheriff levied on certain real property located in Bangs, Tex., as the property of one of the judgment defendants; and after advertising it for sale, sold it to said State National Bank of Santa Anna, Tex., for the sum of $200. The sheriff's deed was dated May 7, 1930, and was filed for record May 26, 1930. The $1,008.57 note was executed three days later, May 29, 1930. Appellee testified that P. P. Bond made his own investigation of the two notes, and that he heard nothing further about the transactions until he received a notice, dated July 9, 1931, that appellant bank held for collection his $1,008.57 note, "in favor of the State National Bank," which notice had typewritten thereon the following statement:

"Frank, it seems that we are having some trouble in proving title to the house and lot in Bangs, and for that reason we will ask that you come up and give us a short renewal on your note. P. P. B."

Appellee was away from his home when this notice was received, but instructed his wife to execute the above-mentioned note for $1,125, dated July 18, 1931, understanding that it was an accommodation note and in aid of the collection by the bank of the two notes given in settlement of the $1,008.-57 note; and that he executed the $1,170 renewal note, dated December 21, 1931, and herein sued upon, with the same understanding that it was an accommodation note and in aid of the collection by the bank of the two notes in question. Appellee testified that he heard nothing further of the transactions until this suit was filed on November 4, 1935, nearly four years later. The evidence also showed that the State National Bank was hard pressed financially at the time of the transactions, and that later it became insolvent and was merged

with and taken over by the appellant bank, which latter also became insolvent. P. P. Bond handled all transactions in question for the two banks involved in this litigation. The evidence showed that the title to the Bangs property sold by the sheriff to the bank failed, and that nothing was collected on the two notes given by appellee in settlement of the $1,008.57 note. This detailed evidence supports the finding of the jury that the said two notes were delivered in full payment or settlement of the $1,008.57 note, and in consequence each successive renewal of the indebtedness was without consideration, no intervening rights of any holder in due course or third party having arisen.

■■■ Nor is appellant's second contention sustained that the oral contract of settlement relied upon by appellee could not be proved, because it would defeat the written agreement evidenced by the note and would amount to an agreement on the part of appellee never to have to pay the indebtedness represented by the note. Such rules of law have no application here. Under article 5939, § 119, subd. 4, Vernon's Ann.Civ.St., Negotiable Instrument Act, a note or negotiable instrument may be discharged "by any other act which will discharge a simple contract for the payment of money"; and parol evidence is admissible to prove the discharge of a note or any negotiable instrument. Lockhart State Bank v. Baker, Tex.Civ.App., 264 S.W. 566; Hall v. Wichita State Bank, etc., Tex.Civ.App. 254 S.W. 1036. It is likewise settled that where a payee seeks to recover against the accommodation party on a note, there being no intervening rights of other parties, parol evidence is competent to prove that the note was executed for the accommodation of the payee. Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; Commercial State Bank v. Ellington, Tex.Civ.App., 24 S.W.2d 359; Siggel v. Lindig, Tex.Civ.App., 291 S.W. 920; King v. Wise, Tex.Com.App., 282 S.W. 570; O'Neil v. Gibson, Tex.Civ.App., 177 S.W. 183; Parker v. Lewis, 39 Tex. 394.

■■■ Nor is appellant's third contention sustained that the trial court erred in refusing to grant it a new trial because of alleged improper oral argument of counsel for appellee to the jury. The argument complained of was as follows: "You are not going to render a judgment for the amount of $1,200, or more, in favor of this bank in these hard depressive times against this poor defendant, when the evidence shows that he did not have anything subject to execution."

This evidence was objected to at the time and the court instructed the jury not to consider the remarks of counsel, and withdrew it from their consideration. The court qualified the bill of exception by a statement that this argument was preceded by a statement of counsel referring to testimony adduced on the trial showing that the appellee was insolvent at the time the bank agreed to accept the two notes in full payment or settlement of his $1,008.57 note. There was no dispute that appellee was insolvent, and it is reasoned that since the bank officials had investigated (which they admitted) the solvency of the obligors on the notes given in exchange for appellee's $1,008.57 note, that counsel had the right to make such statement concerning the insolvency of appellee. Numerous recent decisions hold that where the poverty of a party sued is referred to, and if such argument is prejudicial, it will require the reversal of the case. But in the instant case, according to the trial court's qualification of the bill of exception, counsel merely referred to appellee's being poor in connection with the undisputed evidence that he was in fact insolvent. The evidence of his insolvency was admissible as tending to show why the bank would accept the two notes for a lesser sum in settlement of his own personal note. Since the undisputed evidence showed appellee to be insolvent, the argument referring to that fact was not of such nature as would arouse the sympathy of the jury for him. The argument did not array the weak against the strong, nor the rich against the poor, because the evidence showed the banks involved were also insolvent. Nor can we bring ourselves to conclude that a jury intelligent enough to sit in a case would be improperly influenced by argument of counsel that a verdict ought not be rendered against his client because of the depression prevailing and because the evidence showed his client to be insolvent. It may also be stated that the argument bore only incidentally upon the issue submitted to the jury, which issue was whether a valid and binding agreement had been made between the parties whereby appellee was to discharge his indebtedness represented by the $1,008.57 note by delivering the two notes in full payment thereof.

The judgment of the trial court will be affirmed.

Affirmed.