## FIRST NATIONAL BANK OF SANTA ANNA, TEXAS, V. FRANK BROWN.

No. 7373. Decided October 11, 1939.
(131 S. W., 2d Series, 958.)

*Critz & Woodward,* of Coleman, for plaintiff in error.

The court erred in not rendering judgment for plaintiff because plaintiff's petition was fully sustained by testimony and the promissory note introduced in evidence was admitted, and the issue as to whether the original payee of the note agreed with the drawer thereof to accept collateral notes in payment thereof was immaterial. Chalk v. Daggett, 257 S. W. 228; Osage Oil Co. v. McGuire, 45 S. W. (2d) 249; General Motors Acceptance Corp. v. Bettes, 57 S. W. (2d) 263.

*Baker & Baker,* of Coleman, for defendant in error.

The defendant having delivered to and the bank having accepted other notes, owned by defendant, in payment of the note in suit, it was not error for the court to render judgment for defendant. Sawyer v. Curtis, 46 S. W. (2d) 370; Taylor v. Duncan, 36 S. W. (2d) 563; Shaw v. Whitfield, 35 S. W. (2d) 1115.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to May 29, 1930, defendant in error Frank Brown, who will hereinafter be called defendant, was indebted to the State National Bank of Santa Anna, Texas, in the sum of $1008.57. On the date mentioned he executed and delivered to said bank his note in the sum of $1008.57, due October 1, 1930. At the same time he delivered to said bank two notes, one for $230.00 and one for $460.00, executed by J. G. Smith and L. Knight, payable to W. C. Townsley, which notes had been endorsed to defendant.

On October 15, 1930, The First National Bank of Santa Anna, Texas, took over all of the assets of the said State National Bank of Santa Anna, and agreed to pay its depositors. These assets included the note for $1008.57, as well as the two Townsley notes, which apparently were attached to the note for $1008.57.

On July 18, 1931, defendant executed to The First National Bank of Santa Anna, Texas, a note for $1125.00, payable on demand, which note was in renewal of the note for $1008.57 above mentioned, with accrued interest. On December 21, 1931, defendant executed to The First National Bank of Santa Anna another note for $1170.00, which was in renewal of the note of July 18, 1931, with accrued interest.

This suit was instituted November 4, 1935, by The First

National Bank of Santa Anna, hereinafter designated plaintiff, against defendant Brown, and sought recovery on said note of December 21, 1931, for $1170.00, with interest and attorney's fees. Defendant defended on the ground that at the time of the execution and delivery of the note for $1008.57, May 29, 1930, the State National Bank of Santa Anna agreed to accept, and did accept in full payment and satisfaction of the indebtedness due by defendant to said bank the two notes for $230.00 and $460.00 above mentioned; that contemporaneously with said settlement he executed and delivered the $1008.57 note merely "to accommodate" said bank; that the renewals thereafter made to plaintiff bank were merely for the purpose of accommodating said bank. Defendant, therefore, contended that as the indebtedness due by him to the State National Bank of Santa Anna was extinguished by delivery of the two Townsley notes, said note of May 29, 1930, and the renewals thereof, were all without consideration.

The jury, in answer to the only special issue submitted, found that at the time of the execution of the $1008.57 note the State National Bank of Santa Anna, acting by its cashier, agreed to accept the two notes above mentioned in full settlement of the indebtedness due by defendant to said bank. Upon said finding the trial court rendered judgment in favor of defendant, and this judgment was affirmed by the Court of Civil Appeals. 111 S. W. (2d) 806.

We take the finding of the jury as final, and it follows that the indebtedness due by defendant to the State National Bank of Santa Anna was extinguished on May 29, 1930. Notwithstanding the settlement and entire satisfaction of said indebtedness, defendant immediately proceeded to voluntarily execute and deliver to said bank his note for $1008.57, due October 1, 1931. If, according to his own statement, said note was wholly without consideration, it must have necessarily been an accomodation note, and defendant must be governed by the law with reference to an accommodation maker. Section 29 of Article 5933, Revised Statutes of 1925, which is a part of the Negotiable Instruments Act, is as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The plaintiff took the note in question as a part of the assets of the State Bank of Santa Anna, under an agreement to pay the depositors of said bank. There is testimony indicating that under such agreement plaintiff paid depositors far in excess of the value realized by it from the assets. Plaintiff was, therefore, undoubtedly a holder for value under the above article of the statute, and the matter of notice becomes immaterial. Murchison v. Saxon, 128 Texas 420, 99 S. W. (2d) 288; Armstrong v. American Bank & Trust Co. 63 S. W. (2d) 906; Camp v. Dallas National Bank, 36 S. W. (2d) 994. As plaintiff took the note in the first instance with right under the statute to enforce same, it did not lose such right by taking subsequent renewals.

Judgments of the Court of Civil Appeals and of the district court are reversed, and the cause is remanded to the district court, with instruction that judgment be entered in favor of plaintiff in error.

Opinion adopted by the Supreme Court October 11, 1939.