## UNITED STATES RUBBER CO. v. ENGLE.

### No. 13090.

Court of Civil Appeals of Texas. Dallas.

Aug. 1, 1941.

Hearst Paxton and Herbert S. Bonney, Jr., both of Dallas, for appellant.

M. R. Irion, Frank Cain, and James H. Hickerson, all of Dallas, for appellee.

BOND, Chief Justice.

The appellant, U. S. Rubber Company, filed this suit against appellee, W. W. Engle, on September 20, 1939, on a promissory note dated December 19, 1929. The note was made payable "on demand after date". The petition alleges, "That no demand was made upon said note until the 28th day of June, 1939; that such note was payable on demand after date; that plaintiff followed the financial condition of defendant from time to time and determined from time to time that defendant was financially unable to pay the note, or any part thereof; that just prior to the making of demand on defendant, plaintiff determined that defendant was financially able to pay at least a part of said note and elected to mature said note with a first demand; that said demand was made within a reasonable time under the circumstances."

The court sustained defendant's demurrer to the petition, in that, it appears therefrom that plaintiff's cause of action accrued more than four years before the commencement of the suit, hence was barred by limitation, Vernon's Ann.Civ. St. art. 5527; and, plaintiff declining to amend, dismissed the suit.

It is well settled in this state that notes payable on demand are due and payable immediately. The note in suit having been executed on December 19, 1929, and the Statute of Limitation having commenced to run from the date of the note, the mere fact that the payee elected not to commence and prosecute a suit thereon because of the financial condition of the maker of said note does not toll the Statute of Limitation.

In the case of State Nat. Bank v. East Coast Oil Co., Tex.Civ.App., 208 S.W. 190, writ refused, 109 Tex. 510, 212 S.W. 621, our Supreme Court stated the rule that a paper payable on demand is due when executed and thereafter is overdue,

citing authorities. The court apparently makes no distinction between a note "payable on demand" and a note "payable on demand after date"; in fact, there is none. A note payable on demand is actionable immediately on the date of the execution of the note, and when payable on demand after date, is also actionable immediately after the date of its execution. In either such case, demand is not necessary to begin the running of limitation. In the case of Henry v. Roe, 83 Tex. 446, 18 S.W. 806, a similar note, payable "on demand after date", was involved and our Supreme Court there held that limitation on the note commenced to run at the date of the note. See also State Trust & Savings Bank v. Malitz, Tex.Civ.App., 44 S.W.2d 1070; Gossett v. Stubblefield, Tex.Civ.App., 121 S.W.2d 665, and cases cited therein.

The judgment of the court below is affirmed.

Affirmed.