**Charlie DAVIS, Appellant,**

v.

**Archie A. DENNIS, Jr., Appellee.**

**No. 462.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 18, 1969.

Rehearing Denied Dec. 31, 1969.

Alton King, Palestine, for appellant.

W. Ernest West, Canton, for appellee.

McKAY, Justice.

Appellee brought suit against appellant on September 2, 1966, on a note dated March 25, 1961. The portion of the note we are concerned with was as follows:

" $3,000.00 ____ Palestine ____ , Texas, ____ March 25 ____ A. D. 19 61

"For Value Received, I, we, or either of us, the undersigned, promise to pay to ____ Archie A. Dennis or Archie A. Dennis, Jr. ____ or order, the sum of ____ Three Thousand and no/one-hundred ____ Dollars, with interest from date at the rate of ____ nine (9) ____ per cent per annum, interest payable ____ bi-weekly ____ both principal and interest payable at ____ South Texas Producers Association, Houston, Texas ____ .

"This note is payable in ____ · Seventy-eight (78) ____ installments ____ of Thirty-eight dollars and forty-six cents (38.46) each ____ . *This is the note mentioned in the mortgage covering 15 head of dairy cows bearing the same date.* \* \* \*"

There followed a provision on interest on past due principal and interest, another as to full amount becoming due on failure to pay the note or any installment or any interest when due, and another provision for attorney's fees if placed with an attorney for collection. The note was signed "Charlie Davis" and the address "Rt. 1, Palestine." There was no mortgage before the trial court if such had ever been executed.

Trial was had before the court without a jury. The appellee offered the note in

evidence and same was admitted by the court over appellant's objection. No other evidence was offered; therefore, the note itself was the only evidence before the Court.

The trial court entered judgment for appellee in the total amount of $3,168.79, which amount included unpaid principal of $2,115.72, interest of $765, and attorney's fees of $288.07.

In his findings of fact, the trial court found (1) that said note did not mature until June 25, 1964; (2) that it was due and payable in 78 bi-weekly installments of $38.46 each, the first payment to be due on or before April 10, 1961, and each two weeks thereafter; (3) that defendant made payments on said note in the approximate time and dates of said note up until November 25, 1963, and made a lump sum payment on that date leaving a balance due of $2,150.72; (4) that had all payments been made on said installment note, the final installment would have matured on November 10, 1964.

The court's conclusions of law were that (1) limitation would not have begun to run until four years after November 10, 1964, and (2) that plaintiff filed his suit less than two years after the maturity of the final installment on said installment note. Appellant excepted and objected to the court's findings and conclusions on the grounds of no evidence or insufficient evidence.

Appellant's points 1 through 6 are directed to the trial court's findings and conclusions. Points 7 and 8 are directed to appellant's plea of the four year statute of limitation. We believe the case may be decided upon the limitation question.

■ The note does not provide for any fixed time of payment. It provides "interest payable bi-weekly" and "This note is payable in Seventy-eight (78) installments of Thirty-eight dollars and forty-six cents (38.46) each." Section 3.108, Uniform Commercial Code, Vernon's Tex-

as Code Annotated, provides: "Instruments payable on demand include those payable at sight or on presentation and *those in which no time for payment is stated.*" (Emphasis added.) This Act was effective September 1, 1967, but Article 5932, Section 7, V.A.T.S., in effect prior to the Uniform Commercial Code and Negotiable Instruments Act had a like provision. It has been held from early Texas cases that if no time for payment is stated in a note, it becomes a demand note. Salinas v. Wright, 11 Tex. 572, 575; Chambers v. Hill, 26 Tex. 472; 9 T.J.2d, page 88, Section 76; page 123, Section 113; 10 C.J.S. Bills and Notes § 247, page 743; Nesbitt v. Hudson (Tex.Civ.App., Dallas), 230 S.W. 746, n. w. h. If it was a demand note, it was payable on demand and actionable immediately without demand. Donald v. Bennett, 415 S.W.2d 450 (Tex. Civ.App., Fort Worth, 1967, writ ref., n. r. e.); 10 C.J.S. § 247, page 743, supra.

■ Since the note provided "interest payable bi-weekly", the question arises whether that language makes the note payable at a fixed time. We believe it does not.

In 10 C.J.S. § 247, page 743, we find this statement:

"* * * The fact that notes indicating no time of payment are expressed to be payable with interest annually does not prevent them from being payable on demand. * * *" (Citing Roberts v. Snow, 27 Neb. 425, 43 N.W. 241).

In another paragraph on the same page, it is stated:

"Paper is none the less payable on demand because it contains a provision as to interest, as where it is payable 'on demand' with interest after a specified time, of 'after maturity,' with interest 'annually,' 'with interest within six months from date,' 'without interest,' or 'without interest during the life of the promisor.'" (See also Stebens v. Wil-

kinson (1957), 249 Iowa 365, 87 N.W.2d 16, 71 A.L.R.2d 277.)

We are also of the opinion that the language "this note is payable in Seventy-eight (78) installments of Thirty-eight dollars and forty-six cents (38.46) each * * *" does not affect the demand character of the note because there is no maturity date or dates or fixed time of payment of any installment.

The note, being a demand note, the four-year statute of limitation would begin to run from the date of its execution or delivery. The note in this case, executed March 25, 1961, was barred by the statute of limitation on September 2, 1966, the date suit was filed. Art. 5527, Vernon's Ann.Tex.Civ.St.; United States Rubber Co. v. Engle, Tex.Civ.App., Dallas, 153 S.W.2d 983, n. w. h., and cases cited.

The judgment of the trial court is reversed and judgment is here rendered for appellant.