**Janell B. GILL and John Willis,
Appellants,**

**v.**

**COMMONWEALTH NATIONAL BANK
OF DALLAS, Appellee.**

**No. 18242.**

Court of Civil Appeals of Texas,
Dallas.

Dec. 13, 1973.

Rehearing Denied Jan. 3, 1974.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellants.

Bergman & Hicks by Rex R. Henger, Dallas, for appellee.

BATEMAN, Justice.

This is an action on a promissory note of which the appellants are the makers and appellee is the holder. Appellee obtained summary judgment against appellants and Camelot Country Club, the payee and assignor. Only the appellants appeal, and we affirm.

The note was prepared and executed on a printed form as follows, the date, the amount, the number of installments and the amount of each, and the figures in the lower left hand corner being typed:

MONTHLY PAYMENT PLAN

Date: June 30, 1972 ___ Carrollton, Texas ___ $1620.00

For value received, I, We, or either of us, promise to pay to the order of Camelot Country Club, at its offices in Carrollton, Dallas County, Texas, the sum of Sixteen Hundred twenty Dollars with interest at the rate of 8% per annum, in monthly installments as follows: twelve (12) installment(s) of $135.00 and one installment of $_____, the first payment to be due _____ and subsequent payments to be due the same day of each month thereafter (or on the last day of the month if there be no such date in the month thereafter) until paid.

Failure to pay any installment hereon when due shall, at the option of the holder, mature this note, and it shall become wholly due and payable.

This note is secured by the membership in Camelot Country Club issued in my, or our, name, and in the event of default the holder of this note, upon maturity hereof by acceleration will return the said membership to Camelot Country Club which shall repurchase same for the full amount of the original purchase price, less the amount of transfer fee based upon the sales price of memberships at the time of repurchase, being the reasonable costs of resale.

| Statement of Account | |
| --- | --- |
| Cash Price of Membership: | $1800.00 |
| Down Payment | $ 300.00 |
| Amount Financed | $1500.00 |
| Finance Charge | $ 120.00 |
| Total of Payments | $1620.00 |
| Annual Percentage Rate: | 14.5% |

/s/ John N. Willis
/s/ Janell Gill

Appellants' summary judgment evidence consisted of John Willis' affidavit to the effect that, although the note states that it is given in payment of a membership in the Country Club, the Club was insolvent, its memberships had no value, and that he was already a member and the Club's golf professional; that appellants signed the note at the request of the Club's manager as an accommodation to the Club to enable it to obtain money from appellee to meet the Club's payroll, and that neither of the appellants received any consideration for signing the note, and that this fact was known to appellee.

By their first point of error appellants assert that the note, being incomplete, cannot be enforced. This is based on the omission of the due date of the first monthly installment. They cite Tex.Bus.

& Comm.Code Ann. § 3.115(a) (Vernon 1968), as follows:

(a) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.

■ In our opinion, the leaving of this blank unfilled did not make the instrument incomplete in a "necessary respect." Section 3.108* provides that an instrument in which no time for payment is stated is payable on demand. This has been the law in Texas for many years, as shown in Davis v. Dennis, 448 S.W.2d 495, 497 (Tex.Civ.App.—Tyler 1969, no writ), where the facts were almost identical. The first point of error is accordingly overruled.

In their second, third and fourth points of error appellants contend that since the note does not provide dates of payment and is therefore a demand note, due on its date of execution, June 30, 1972, it was overdue when appellee purchased it on July 14, 1972 and that under these circumstances appellee could not be a holder in due course but took the note subject to all defenses to which it would be subject in the hands of the original payee. They argue that they are not liable to appellee because as accommodation makers they would not have been liable to the accommodated payee.

■ This argument is without merit because even if we treat the note as due on demand, it was not overdue when appellee purchased it. Section 3.304(c)(3) provides that the purchaser has notice that an instrument is overdue if he has reason to know "that he is taking a demand instrument after demand has been made or more than a reasonable length of time after its issue." Appellee's summary judgment evidence establishes the absence of any such notice or knowledge, and we hold as a matter of law that the taking on July 14, 1972 of a note dated June 30, 1972 is within "a reasonable length of time after its issue." See the following language from 11 Am. Jur.2d, Bills and Notes, § 488, p. 551:

An instrument payable on demand is not to be considered as overdue at the time of its date or delivery so as to preclude acquisition before maturity by a subsequent purchaser, and a holder who is otherwise qualified is a holder in due course of an instrument payable on demand where he takes it before it is overdue, that is, within a reasonable time after issuance.

■ Since the note was not overdue when appellee took it, lack of consideration is no defense. Section 3.304(d)(3) provides that knowledge that a party has signed for accommodation "does not of itself give the purchaser notice of a defense or claim." Section 3.415(b) provides:

When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation.

Under these sections lack of consideration is no defense in a suit against an accommodation maker by a holder who took the note for value before it was overdue.

The same result was reached before enactment of the Code in cases holding that a person who, for the accommodation of another, executes an instrument which is in form a binding obligation is estopped from denying liability thereon because of want of consideration. Motor & Industrial Finance Corp. v. Hughes, 157 Tex. 276, 302 S.W.2d 386, 392 (1957); Murchison v. Saxon, 128 Tex. 420, 99 S.W.2d 288 (1936).

Therefore, all of appellants' points of error are overruled and the judgment appealed from is affirmed.

---

* All references to Sections (§) herein are to Tex.Bus. & Comm.Code Ann. (Vernon 1968).