Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00760-CV

George **KOEPP**, Administrator of the Estate of Ursula Hoppe Koepp, Deceased,
Appellant

v.

Hans Erich **KOEPP** and Virginia M. Koepp,
Appellees

From the County Court at Law, Guadalupe County, Texas
Trial Court No. 2007-PC-0178
Honorable Linda Z. Jones, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  June 24, 2009

AFFIRMED

This is an accelerated appeal from a trial court's order granting a temporary injunction in favor of Hans Erich Koepp and Virginia M. Koepp ("the Koepps"), restraining a non-judicial foreclosure sale of real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2009). The trial court granted injunctive relief because it found collection on the note and foreclosure were barred by the statute of limitations. George Koepp, as administrator of the estate

of Ursula Hoppe Koepp ("the administrator"), perfected this appeal, claiming the trial court erred in granting the injunction. We affirm.

BACKGROUND

On March 20, 1976, the Koepps purchased real property from Hans Koepp's parents, Erich and Ursula Koepp. They executed a $50,000 installment note secured by a deed of trust in favor of Hans Koepp's parents. Neither the note nor the deed of trust recite a specific maturity date. Rather, the note recites an interest rate of five percent, specifies how interest accrues, and provides for payments as follows:

> [P]rincipal and interest shall be due and payable in monthly installments of Four Hundred and No/100 dollars ($400.00), or more, each, payable on the 15th day of each and every calendar month, beginning April 15, 1976, and continuing regularly thereafter until the whole of said sum, with interest, has been duly paid, interest being calculated on the unpaid principal to the date of each installment paid and the payment credited first to the discharge of the interest accrued and the balance to the reduction of the principal.

The deed of trust provided for optional acceleration by the note holder in the event of a default.

The Koepps made payments on the note in varying amounts from April 1976 until May 2005, when Ursula Koepp, the last-surviving note holder, died. The parties kept a meticulous ledger of payments over the years, showing how much of each payment was applied to principal and how much was applied to accrued interest. As of the date of the last payment made in May 2005, the ledger indicated a principal balance due of $41,826.36. Neither note holder had ever declared the note in default, sought to accelerate the note, or instituted foreclosure proceedings under the deed of trust.

After Ursula Koepp passed away, her grandson George Koepp was appointed administrator of her estate. The only asset of the estate, and the sole purpose of the administration, was to collect

on the note. When the parties failed to reach an agreement about how much was owed, the administrator, on behalf of the estate, purported to accelerate the maturity of the note and began non-judicial foreclosure proceedings. The Koepps filed an action for declaratory judgment seeking a declaration that recovery on the note was barred by limitations. They also asked for injunctive relief to enjoin the non-judicial foreclosure sale scheduled by the administrator.

The trial court granted the Koepps' request for a temporary restraining order and, after a subsequent hearing, granted the request for a temporary injunction. The trial court prepared findings of fact and conclusions of law. The court found (1) the final payment under the terms of the note was due December 15, 1990, (2) the note holders never demanded the Koepps perform under the note, and never instituted collection or foreclosure proceedings, and (3) the note was never renewed or extended in writing. Based on its findings, the court concluded (1) the right to collect on the note was barred by limitations as of December 15, 1994, which was four years from the accrual date of limitations, (2) the Koepps' voluntary payments did not extend the accrual date or suspend the running of the statute of limitations because an extension is only effective if included in a signed, acknowledged written agreement, and (3) the Koepps had no adequate legal remedy, would likely prevail on the merits on final hearing, and without the injunction would likely suffer imminent, irreparable harm. The administrator perfected this appeal.

## ANALYSIS

### *Issues*

The administrator contends the trial court erred in finding the due date of the final installment of the note was December 15, 1990, and in concluding the statute of limitations accrued on December 15, 1990. The administrator argues that because the note lacks a stated maturity date, it

is ambiguous as a matter of law, and the trial court was required to look to extrinsic evidence to determine the parties' intent with regard to payment of the note. He claims the extrinsic evidence shows there was no intent for the note to mature in December 1990, and the Koepps believed payments would have to continue until the note was paid in full. He argues the statute of limitations did not accrue until the administrator actually declared the note in default and accelerated on behalf of the estate.

Alternatively, the administrator argues that even if the note is not ambiguous, a maturity date cannot be read into it. He contends the court should look at the circumstances surrounding the execution of the note – it was between family members, contains no absolute amount for monthly payments, states no fixed number of payments – and determine the note did not mature by its express terms and the statute of limitations did not begin to run until the administrator actually accelerated in June of 2008. He also argues the note is a demand note and limitations did not begin to run until he made a demand for payment.

### *Standard of Review*

The decision to grant or deny a temporary writ of injunction lies within the sound discretion of the trial court, and the court's decision is subject to reversal only for a clear abuse of that discretion. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002). The trial court abuses its discretion when it misapplies the law to the "established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *Khaledi v. H.K. Global Trading, Ltd.,* 126 S.W.3d 273, 280 (Tex. App.–San Antonio 2003, no pet.) (citing *State v. Sw. Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975)).

***Discussion***

We first determine whether the note is ambiguous because it does not state a specific maturity date. The rules of construction governing contracts are applicable to notes. *Edlund v. Bounds*, 842 S.W.2d 719, 726 (Tex. App.–Dallas 1992, writ denied). A contract is ambiguous only if it is subject to "two or more reasonable interpretations after applying the pertinent rules of construction." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (quoting *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996)). Ambiguity does not exist merely because the parties assert sharply conflicting interpretations. *Wilson Constr.*, 196 S.W.3d at 781; *Columbia Gas Transmission*, 940 S.W.2d at 589. When a contract is worded so that it has a certain and definite legal meaning, it is unambiguous. *Transcontinental Gas Pipeline Corp. v. Texaco, Inc.*, 35 S.W.3d 658, 665 (Tex. App.–Houston [1st Dist.] 2000, pet. denied). Only when a contract is ambiguous may a court consider the parties' interpretations and "admit extraneous evidence to determine the true meaning of the instrument." *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-51 (Tex. 2008) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (per curiam)).

The note does not state a specific maturity date, but the absence of a maturity date does not render the note ambiguous. *See Columbia Gas Transmission*, 940 S.W.2d at 591-92 (holding failure to include more express language does not create ambiguity if there is only one reasonable interpretation of document). Section 3.108 of the Texas Business and Commerce Code provides that "[a] promise is 'payable at a definite time,' if it is payable . . . at a time or times readily ascertainable at the time the promise . . . is issued." TEX. BUS. & COMMERCE CODE ANN. § 3.108(b) (Vernon 2002). Here, the note contained all of the information necessary to calculate the final installment

date, i.e., the maturity date: the total amount due on the note, the interest rate, the method of calculating interest, the minimum monthly payment, and the date payments were to begin. With this information, the maturity date could be determined through mathematical calculation. Performing the calculations, the trial court found the note matured on December 15, 1990. Thus, the note was "payable at a definite time," because payment was "readily ascertainable" from the express terms within it. Because the note is not ambiguous, the trial court could not consider the parties' interpretations or admit extraneous evidence in an attempt to interpret the note. *See Haden*, 266 S.W.3d at 450-51.

Having determined the contract was not ambiguous and contained a maturity date of December 15, 1990, we must now determine whether the trial court erred in concluding the statute of limitations accrued on that date. The note is an installment note secured by a lien on real property. In Texas, a suit for foreclosure of a real property lien or sale of real property under a power of sale in a deed of trust must be filed not later than four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a), (b) (Vernon 2002); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001). When the four-year limitations period expires, the lien and power of sale to enforce the lien become void. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(d). Limitations on a note payable in installments and secured by a lien on real property begins to run on the maturity date of the last installment.[1] *CA Partners v. Spears*, 274 S.W.3d 51, 65 (Tex. App.–Houston [14th Dist.] 2008, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e); *Holy Cross Church*, 44 S.W.3d at 566). In this case, therefore, the statute of limitations

---

[1] Section 16.035 modifies the general rule that a claim accrues and the statute of limitations begins to run on each installment when it becomes due. *Holy Cross Church*, 44 S.W.3d at 566.

for causes of action based on the note began to run on December 15, 1990, as the trial court concluded.

Citing *Holy Cross Church*, the administrator contends the general rule does not apply because the note had an optional acceleration clause, which he exercised. We agree that if a note has an optional acceleration clause, a cause of action on the note accrues only when the holder exercises his option to accelerate. *See id.* However, this exception does not apply once the maturity date of the last installment has passed. *CA Partners*, 274 S.W.3d at 65 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e)). Assuming the acceleration clause in the Koepp note was an optional acceleration clause subject to the exception, it would not apply in this case because the maturity date of the last installment passed before the administrator accelerated the note. The supreme court's decision in *Holy Cross Church* does not require a different outcome. In that case, the note holder accelerated the note before the final installment payment was due. 44 S.W.3d at 567, 570. The question before the court was whether the note holder was required to take affirmative steps towards foreclosure to establish acceleration, and held it did not. *Id*. at 564.

The administrator also contends the Koepps' actions in continuing to make payments on the note after the maturity date suspended the running of limitations. We disagree. Section 16.036 of the Civil Practice and Remedies Code provides the four year limitations period can be suspended by a "written extension agreement" that is signed, acknowledged, and filed for record in the county clerk's office of the county where the property is located. TEX. CIV. PRAC. & REM. CODE ANN. § 16.036(a), (b). Additionally, section 16.065 provides that evidence of an acknowledgment of a claim that appears barred by limitations is not admissible to defeat limitations unless the acknowledgment is in writing and signed by the party sought to be charged. *Id*. § 16.065 (Vernon

2008). There is no written extension agreement between the Koepps and the note holders, nor is there any written acknowledgment by them. Accordingly, the statute of limitations was not suspended by the Koepps' decision to continue to pay on the note after it matured.

Finally, the administrator contends the note is a demand note – a note with no fixed maturity date – that did not mature until he made a demand for payment, at which time the statute of limitations began to run. We disagree. Section 3.108 is entitled "Payable on Demand or at Definite Time." TEX. BUS. & COMMERCE CODE ANN. § 3.108. Subsection (a) describes notes payable on demand as notes stating they are payable on demand, at sight, or that fail to state any time for payment. *Id*. § 3.108(a). Subsection (b) describes notes payable at a definite time as those that are payable on elapse of a definite period after sight or acceptance, payable on a fixed date, or payable on a date readily ascertainable at the time the note is given. *Id*. § 3.108(b). The note in this case does not state it is due on date certain, but it expressly states the $50,000 principal and interest were due and payable in monthly installments of $400.00 or more each, payable on the 15th day of each month, beginning April 15, 1976, and continuing regularly thereafter until the principal and interest were paid in full. Given the information contained in the note, the note in this case was not a demand note, but rather a note payable at a definite time. *See id.*

The administrator cites several cases in support of his contention that the note was a demand note, but each is readily distinguishable. He principally relies on *Martin v. Ford*, 853 S.W.2d 680 (Tex. App.–Texarkana 1993, writ denied), *Gill v. Commonwealth Nat'l Bank*, 504 S.W.2d 521 (Tex. Civ. App.–Dallas 1973, writ ref'd n.r.e.), and *Davis v. Dennis*, 448 S.W.2d 495 (Tex. Civ. App.–Tyler 1969, no writ). In *Martin*, the note apparently contained only the total amount due and the date the note was executed. 853 S.W.2d at 681. The court held the date of payment was

completely missing from the note and allowed extrinsic evidence to supply the missing term. *Id*. at 682-83. The court also held the creditor's testimony that the note was payable "when I would ask for it" supported the trial court's finding that it was a demand note. *Id*. In *Gill* and *Davis*, the notes stated the number of payments and the amount of each installment payment, but did not contain a maturity date or fix the date that the first or any other installment was due. *Gill*, 504 S.W.2d at 522; *Davis*, 448 S.W.2d at 496. In each case, the court held that because no time for payment was stated, the note was payable on demand. *Gill*, 504 S.W.2d at 523; *Davis*, 448 S.W.2d at 498.

## CONCLUSION

We hold the trial court did not err in finding the note contained a definite maturity date and that the date of maturity was December 15, 1990. Nor did the court err in concluding the statute of limitations barred the administrator's action, it having been brought more than four years after December 15, 1990, and there being nothing to legally suspend the running of limitations. Accordingly, we overrule the administrator's issues and affirm the trial court's order issuing the temporary injunction.

Steven C. Hilbig, Justice